GEORGE M. OLCOTT, Assignee, etc., Appellant, *v.* JOHN GEORGE MACLEAN et al., Respondents.

73   223<br>142   155

A State court has jurisdiction of an action by an assignee in bankruptcy, to recover for property assigned by the bankrupt, in fraud of the act.

Where such an action was commenced in the Supreme Court against aliens and non-residents, an attachment issued and levied, and the defendants appeared generally. *Held,* that the court acquired jurisdiction of the person of defendants by their appearance in the action; and that the fact that they appeared because their right to the attached property was imperiled by the proceedings did not change the legal effect of the appearance.

Also, *held,* that defendants were not relieved by their alienage and non-residence from liability under the act, as the action was not an attempt to enforce the provisions of the act in a foreign country, or to divest a title acquired in another country, but to inforce a liability imposed by the act for a violation of its provisions committed here; that defendants by coming here and violating our laws subjected themselves or their property, if found here, to the remedies given by the act.

*Olcott* v. *Maclean* (10 Hun, 277), reversed.

(Argued March 26, 1878; decided April 2, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, in favor of defendants, entered upon an order reversing a judgment in favor of plaintiff, entered upon a verdict, and directing a

dismissal of the complaint. (Reported below, 10 Hun, 277.),

This action was brought by plaintiff as assignee in bank-ruptcy of James S. Aspinwall, under the provisions of the bankrupt act (U. S. R. S., §. 5128), to recover the value of property alleged to have been transferred by the bankrupt to defendants within four months of the filing of the petition in bankruptcy by way of fraudulent preference, in violation. of the provisions of the act.

The defendants were aliens and non-residents ;. an attachment was issued in the action and levied upon their property. Defendants appeared generally and put in an answer, putting in issue the allegations of the complaint, and also alleging their alienage ; that they were not within the jurisdiction of the court; that no process was served upon them ; that they appear by compulsion of the attachment to protect their property ; and that the court has no jurisdiction of their persons or of the subject of the action.

On the trial defendants' counsel moved to dismiss the complaint on the ground of want of jurisdiction, which motion was denied, and said counsel duly excepted.

*William P. Chambers*, for appellant. The appearance of defendants in the action gave the court jurisdiction over their persons. (*Brown* v. *Nichols*, 42 N. Y., 26.) When an insolvent debtor turns out goods to a creditor out of the usual course of business, the law presumes an intention to prefer that creditor, and it requires strong proof to repel that presumption. (*In re Kingsbury*, 6 B. R., 318.) The State courts had jurisdiction of this action. (*Cook* v. *Whipple*, 55 N. Y., 150; *Claflin* v. *Houseman*, Alb. L. J., Dec. 2, 1876,. p. 373; *Goodrich* v. *Wilson*, 15 Nat. B. R., 555; *Lathrop* v. *Drake*, 1 Otto, 516; *Wente* v. *Young*, MSS. Op., Gen. Term, 4th Dep.; *Wiswall* v. *Campbell*, 3 Otto, 348; *Wheelock* v. *Lee*, 5 N. Y. W'kly Dig., 376; *In re O. B. Printing and Publishing Co.*, 11 Am. L. Rev., 181; 14 Nat. B. R., 405.)

*George A. Black*, for respondents. The State courts had no jurisdiction of the action. (Act Congress, June 22, 1874,.

chap. 390, vol. 18, p.. 178; *Kidder* v. *Horrobin*, Ct. App., Jan., 1878; *Stickney* v. *Walt*, 23 Wal., 161; *Dutcher* v. *Wright*, 94 U. S. R., 490; *Sherman* v. *Bingham*, 1 N. B. Reg., 490; *Lathrop* v. *Drake*, 91 U. S. R., 516.) The pendency of this action, when the act of June 22, 1874, was passed, did not except it from its operation. (*Butler* v. *Palmer*, 1 Hill, 330; *In re Palmer*, 40 N. Y., 561; *Frost* v. *Hotchkiss*, 1 Abb. N. Cas., 27.) Defendants being aliens were not affected by the bankrupt. act. (*Abraham* v. *Plestoro*, 3 Wend., 540; *Johnson* v. *Hunt*, 23 id., 86; *Holmes* v. *Remsen*, 20 J. R., 229; *Harrison* v. *Stery*, 5 Cranch, 289; *Oakley* v. *Bennett*, 11 How. [U. S.], 33; *Willetts* v. *Wait*, 25 N. Y., 577; *Kelly* v. *Crapo*, 45 id., 86; Story's Confl. Laws, §§ 342, 409; 2 Pars. Notes and Bills, 360; *Ogden* v. *Saunders*, 12 Wheat., 213; *Milliken* v. *Auginbaugh*, 1 Penn., ·117.) The attachment conferred no jurisdiction on the court. (Code, §§ 139, 227, 240; *Spery* v. *Reynolds*, 65 N. Y., 184, 187.)

*Per Curiam.* First. The question of the jurisdiction of a State court to entertain an action by an assignee in bankruptcy to recover the assets of the bankrupt has been recently decided in the case of *Kidder, assignee,* v. *Horrobin* (72 N. Y., 159), and is not an open question in this court.

Second. The Supreme Court acquired jurisdiction of the persons of the defendants by their general appearance in the action. That they appeared because their right to the attached property was imperiled by the proceedings does not change the legal affect of a general appearance. It was equivalent to a personal service of process in giving the court jurisdiction of the person.

Third. The defendants are not relieved by their alienage and non-residence from liability under the provisions of the bankrupt act to account for property transferred to them by the bankrupt in fraud of the act. The action is not an attempt to enforce the provisions of the bankrupt law in a

foreign jurisdiction, or to divest a title acquired from the bankrupt in another country, but to subject the defendants in the jurisdiction to a liability imposed by the act for the property of the bankrupt received therein in fraud of the act. The defendants, by coming here and violating our law, subjected themselves or their property, if found here, to the remedies given by the act. They have no immunity, by reason of their alienage, from answering for an infraction of the law.

Fourth. The evidence was sufficient to bring the case within the provisions of the act.

Fifth. The General Term properly disposed of the appeal from the order in respect to costs. Moreover the reversal of the judgment of the General Term makes that question non-important.

The judgment of the General Term should be reversed and the judgment on the verdict affirmed, with costs.

All concur, except RAPALLO, J., absent.

Judgment accordingly.