## DONNELLY v. WOOLSEY.

*(Supreme Court, General Term, Second Department.*  February 11, 1891.)

EFFECT OF APPEARANCE—WAIVER.

The summons in an action was personally served in Q. county. There was a general appearance and demand for a copy of the complaint, which laid the venue in Q. county, and stated that both parties resided there. The answer made no issue as to defendant's residence. *Held*, that defendant submitted to the jurisdiction in Q. county.

Appeal from Queens county court.

Action by James Donnelly against Edward J. Woolsey. Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*S. B. & D. Noble,* for appellant.  *Knevals & Perry,* for respondent.

BARNARD, P. J.  The plaintiff hired the defendant's farm at first at a money rent.  The personal property on the farm was leased with the farm.  There was an appraisal of its value taken, and the cattle and personal articles were to be returned at the end of the year, or paid for at the inventory price.  The lease was renewed under these terms, or with slight changes in the money rent, until March 10, 1886.  In February, 1886, there was a change in the terms of the lease.  The principal one, so far as respects the case under consideration, consisted in a stipulation that the plaintiff should give up the farm on 70 days' notice, the crops to be valued by two arbitrators, if the defendant requested plaintiff to leave the farm.  This lease was renewed with slight verbal changes, which did not embrace this claim as to the plaintiff giving up possession during the term.  Early in June, 1888, the defendant required and had possession of the farm under the 70-days notice, and by the aid of proceedings to dispossess the tenant for holding over after his term expired. Each of the parties selected an appraiser.  They made an award.  The award included the property the landlord was entitled to and the value of the crops, which the tenant was to be paid for.  The parties and witnesses gave very conflicting evidence, but there is no reason to doubt the accuracy of the finding of the jury.  The jury found for the lease, which included the notice to leave.  They found for the ordinary appointment of the arbitrators,—one by each party.  They found the appraisal, and the service of a notice of it on each party.  They reduced the appraisal as to the plaintiff, but they had abundant ground to do so, if they credited or allowed either omissions to return property or counter-claim, against which the defendant gave evidence tending to support.  The tenant was not bound to stop working the farm on receiving the notice to quit.  He was bound to continue the farming, like occupation of the farm, until the end of the 70 days.  Payment for his year's labor depended on this, and an omission to plant would have been unjust to the owner.  The summons was personally served in Queens county.  There was a general appearance and demand for a copy of the complaint.  The complaint stated the venue to be in Queens county, and that both parties resided there.  The answer made no issue as to the residence of defendant.  The issue was no longer an open one.  The defendant by his answer submitted to the jurisdiction of the county court.  *McCormick* v. *Railroad Co.*, 49 N. Y. 303; *Jones* v. *Jones*, 108 N. Y. 415, 15 N. E. Rep. 707; *Olcott* v. *McLean,* 73 N. Y. 223.

The judgment should therefore be affirmed, with costs.