### DELISSER *v.* NEW YORK, N. H. & H. R. Co.

*(Superior Court of New York City, General Term. May 4, 1891.)*

**1. SERVICE OF SUMMONS—MOTION TO SET ASIDE—AFFIDAVIT.**

On a motion to set aside the service of summons on the ground that the action was for a penalty given by a statute, and that a copy of the complaint was not delivered to defendant with the copy of the summons served, nor a reference to the statute indorsed on such copy of the summons, as required by Code Civil Proc. N. Y. § 1897, the averments of the moving affidavit as to the nature of the action were on information and belief, without stating the source of information or grounds of belief. *Held*, that the affidavit was insufficient.

**2. SAME.**

Even if the source of information had been stated, the affidavit would yet be defective, because the object of the action could only be shown by the complaint or by some proceeding which would legally determine it.

Appeal from special term.

Action by George P. Delisser against the New York, New Haven & Hartford Railroad Company. Plaintiff appeals from an order setting aside the summons in the action and all proceedings therein.

Argued before SEDGWICK, C. J., and FREEDMAN and MCADAM, JJ.

*Henry Wehle,* for appellant.   *Page & Taft,* for respondent.

FREEDMAN, J.   The summons having been served on the defendant, and no copy of the complaint having been served with it, the defendant appeared for the sole purpose of moving, and did move, to set aside the service of the summons on the ground that this is an action to recover a penalty or forfeiture given by a statute; that a copy of the complaint was not delivered to the defendant with the copy of the summons served; and that there was not indorsed upon the said copy of the summons a reference to the statute giving said penalty, as required by section 1897 of the Code. The motion was founded on the copy of the summons served, and on an affidavit of one of the attorneys of the defendant, to the effect that he is informed and believes that this action is to recover a penalty under the provisions of chapter 185 of the Laws of 1857, as amended by chapter 415 of the Laws of 1886. The defendant pursued the proper practice, and, if the affidavit had sufficiently stated the sources of the information of the attorney, and the grounds of his belief, the defendant would have been entitled to have the service of the summons set aside, as prayed for. But the sources of such information and the grounds of such belief were not disclosed. The affidavit contained nothing beyond the bare statement that the affiant was so informed and so believed. It therefore contained no competent evidence upon which the process of the court, which was regular upon its face, could be set aside; and the plaintiff was not called upon to deny under oath something which had not been sufficiently shown. Moreover, the order, as made, is too broad. It sets aside "the summons in this action, and all proceedings therein." It is only the service of the summons that can be set aside upon the presentation of the proper proof. The order appealed from should be reversed, with $10 costs and disbursements, and the motion in the court below denied, with $10 costs, with leave to the defendant, upon payment of such costs, to renew the motion upon further proof.

SEDGWICK, C. J.   I concur with Judge FREEDMAN in the principle upon which he has proceeded in his opinion, but think there should be an absolute reversal. My ground for this view is that the only legal evidence of the contents and claims of a complaint is the complaint itself, and it is the only evidence of what is the object of the action. No amount of evidence as to the intent of an attorney or party can show the object of an action, for that intent cannot make the object, or, if it be properly made, change it. The same remark is true in view of the provision that a judgment be taken by default when complaint is not served with the summons. The object of the action is then first ascertained by the proceedings upon application to the court. While it is true that the affidavit was without effect, inasmuch as it averred the object of the action upon information and belief, without giving the source of information, I think it would have been defective if it did give the source and did not show what the complaint was, or the nature of some proceeding which would legally determine the nature of the action. The authorities show that it is not too late for a defendant so situated to move as soon as the proceedings of the action show the object of the suit. The order appealed from should be reversed, with $10 costs, and the motion below denied, with $10 costs.

MCADAM, J., concurs.