The following is the opinion at circuit:
Rumsey, J.
The plaintiff and the defendant Chester Chilson reside in Michigan, and the defendant Nathaniel Chilson resides in North Dakota. The action is brought upon a judgment recovered by the plaintiff against the defendants in a court of the state of Michigan on the 9th' day of August, 1887. The summons in this action was served' by publication, and no attachment has been levied upon property of the defendants within the state. After the service by publication, the defendants appeared generally in the action by an attorney of this court, who served a notice of retainer. About three months afterwards answers were served setting up several defenses, among which was one denying the jurisdiction of the court, and this answer raises the serious question in the case.
The Code provides that a general appearance is equivalent to personal service of the summons upon defendant Code Civ. Pro., § 424. It has always been held that where a court has jurisdiction of the subject matter of the action, a voluntary appearance gave jurisdiction to make a valid adjudication upon the rights involved in. the action. Jones v. Jones, 108 N. Y., 415-425; 13 N. Y. State Rep., 838; Olcott v. Maclean, 73 N. Y., 223.
There are cases where the court has no jurisdiction of the subject matter, in which an appearance does not give jurisdiction. But in all such cases the fault was that the court in which the appearance was made had no power to hear and decide the particular, case because of some other reason than that the defendant had not been properly brought into court. They are all cases where the court had no jurisdiction of the cause. Burckle v. Eckhart, 3 N. Y., 132; Landers v. Staten Island *961 R. R. Co., 53 id., 450; Wheelock v. Lee, 74 id., 495; Perkins v. Perkins, 7 Conn., 558. With the exception of cases of that kind it is believed that the rule is invariable that a general appearance in a court of general jurisdiction, having jurisdiction of the subject matter, confers jurisdiction completely of the particular case.
In this case the action was on contract, of which the court had jurisdiction, although the parties were non-residents. Burdick v. Freeman, 120 N. Y., 420; 31 N. Y. State Rep., 427. When the notice of appearance was served on the 30th of January, 1890, the court acquired the same jurisdiction as though personal service of the summons had been made within the state, because the Code thus prescribes. Ro other authority need be cited, but other authority is nevertheless abundant. Olcott v. Maclean, 73 N. Y., 223 ; Carroll v. Lee, 3 G. & J., 504; 22 Am. Dec., 350; Jones v. Jones, 108 N. Y., 415; 13 N. Y. State Rep., 838. From the time of that service then the court had full jurisdiction in the •case. It hardly needs the citation of authority to show that the jurisdiction thus vested was not divested by the subsequent service of an answer denying the jurisdiction of the court. That would seem to be a self evident proposition, and it has so been held. Palmer v. Phœnix Mut. L. Ins. Co., 10 Wk. Dig., 179. When the general appearance was served the court either acquired jurisdiction, or it did not If it did, from that time it had the power and authority to make a valid adjudication, such as the facts required.
That power having once been acquired its existence cannot afterward be questioned in the action. Carpentier v. Minturn, 65 .Barb., 293. This case like the one last cited was decided by the general term of the first department. So much time would not have been occupied on this subject but for the case of Hamburger v. Baker, 35 Hun, 455, in which it.is held that where the defendant appears generally by answer he may still raise the question of jurisdiction. In that case the appearance was made by the service of an answer, which the Code says is a general appearance. It differs from the two cases last cited for the reason that in those cases the answer denying the jurisdiction was served some time'after the notice of retainer. But I do not think that difference affects the principle. The appearance consists in the service of the answer and the contents of the answer cannot change the effect produced by its service which is prescribed by the Code. It will be noticed that the Hamburger case pays no attention to § 424 of the Code. Ro cases are cited to sustain the decision. I have looked carefully and can find but two in which the precise question was presented, and in each of those cases the decision was just the other way from that in the Hamburger case. Olcott v. Maclean, 73 N. Y., 223; Carroll v. Lee, 22 Am. Dec., 350.
In the case of Wheelock v. Lee and the others cited above, in which the objection to the jurisdiction was sustained after the entry of a general appearance, the ruling was put upon the ground that the want of jurisdiction was not because the defendants were *962 not properly in court, but because the court had no power to determine the matter submitted to it. In each of those cases it was assumed that if there had been jurisdiction over the subject matter the appearance would have given complete power over the person, notwithstanding the plea. I do not think the case of Hamburger v. Baker was correctly decided and it should not be followed.
My conclusion is that the court has jurisdiction of this action.
The defense of a former judgment in this.state is not available for the reason that there was clearly no jurisdiction to render it.. There was no personal or other service in this state; no appearance, and no levy of an attachment. Pennoyer v. Neff, 95 U. S. 714; McKinney v. Collins, 88 N. Y., 216. The pendency of the action in the court of Michigan was no defense. Williams v. Ayrault, 31 Barb., 364. If advantage was desired to be taken of the fact that judgment had been recovered in that suit after the-answer had been interposed in this, it should have been pleaded by supplemental answer.
The plea of the statute of limitations cannot succeed here. The judgment sued on was entered in 1887. If the statute had run against the right to enter judgment for deficiency, it should have been pleaded in Michigan, for that plea is only matter of defense which must be set up. It seems from the opinion of Judge Hooker, in the judgment roll, that the statute was pleaded in that court and the decision was against defendant. A question has arisen in my mind whether, as all these parties .are non-residents, the court should not, in its discretion, refuse to entertain the action. But I have concluded that the case should proceed to-judgment. It appears that the defendants have no property in Michigan'and that an execution on the judgment has been returned unsatisfied in that state.
There is reason to believe from the evidence that they may have some interest in property in this state which can be reached, if at all, only by a judgment creditor’s action. Ho such action can be brought unless judgment has been recovered and execution issued and returned unsatisfied.
That such step may be taken it is proper to order judgment in this action.
Myron H. Peck, Jr., for app’lts; Edwin McKnight, for resp’t.
Per Curiam.
The judgment should be affirmed, with costs, against appellants, upon the opinion of Justice Rumsey at circuit.
Dwight, P. J., Macomber and Lewis, JJ., concur.