DE WITT C. REED, Respondent, *v.* NATHANIEL CHILSON et al.,
Appellants.

The service of a general notice of retainer and a general appearance in an
action by an attorney for a non-resident defendant is equivalent to per-
sonal service of the summons and gives the court jurisdiction of the
person of such defendant.

*It seems,* when a non-resident does not intend to submit himself to the
jurisdiction of the court, he may either appear specially for the purpose
of raising the question of jurisdiction by motion, or he may allow the
plaintiff to take judgment by default; the question of jurisdiction will
be available if he has not waived it by his own act.

In an action to recover money, brought upon a Michigan judgment, the
summons was served out of the State, pursuant to an order of publica-
tion, upon defendants who were non-residents. A warrant of attachment
was also issued, but no property was levied upon. Defendants entered
a general appearance by an attorney, who served a general notice of
retainer. An answer was served alleging that neither of the defendants
were residents of the state nor had they any property therein, and that
the court had no jurisdiction. *Held,* that the appearance and notice gave
jurisdiction; and that a personal judgment was properly rendered.

The answer also set up a former judgment against defendants, recovered
in this state upon the same cause of action. It appeared there was no
service of process within the state in the former action, no appearance
by defendants and no levy upon property by attachment. *Held,* that
the court had no jurisdiction in the former action (Code Civ. Pro.
§ 1217), and so, the judgment therein was void and not a bar.

(Argued March 16, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made June 2, 1891, which affirmed a judgment in favor of
plaintiff entered upon a decision of the court on trial at Cir-
cuit without a jury.

This was an action brought upon a judgment recovered by
plaintiff against the defendants in a court of the state of
Michigan on August 9, 1887.

The facts, so far as material, are stated in the opinion.

*Myron H. Peck, Jr.,* for appellants. The case was tried
upon the theory that if it appeared on the trial as undisputed

facts that neither of the parties were residents of the state of New York, that the cause of action did not arise in that state, and that no property of the defendants was within the state of New York, then the defendants were entitled to judgment. The learned justice at Special Term so holds in deciding the former judgment to be void. It was necessary for the defendants to appear in the action and to present these facts to the court, as they did not appear on the face of the complaint in this action. (*Hamburger* v. *Baker*, 35 Hun, 455; 1 Rumsey Pr. 178, 179.) The notice of appearance served herein was not a voluntary general appearance. (Code Civ. Pro. § 421; *Couch* v. *Mulhane*, 63 How. Pr. 79; *Valentine* v. *Myers*, 36 Hun, 201; *Douglas* v. *Haberstro*, 8 Abb. [N. C.] 230.) No property of the defendants having been levied upon at the time of the service of the answer, or at any time afterwards, the court did not acquire jurisdiction of the subject-matter of the action. (*Fiske* v. *Anderson*, 33 Barb. 71; *Kinney* v. *Collins*, 88 N. Y. 216; Code Civ. Pro. § 439; *Mc Vey* v. *Cantrell*, 1 Hun, 710; *Stone* v. *Miller*, 62 Barb. 430; *C. C. Bank* v. *Parent*, 20 Civ. Pro. Rep. 38; *Tracey* v. *Corse*, 58 N. Y. 143–151; *Plimpton* v. *Bigelow*, 93 id. 592; *Robinson* v. *O. S. N. Co.*, 112 id. 315; *T. G. C. Co.* v. *Smith*, 110 id. 83; *Antony* v. *Wood*, 96 id. 180.)

*Edwin McKnight* for respondent. The service of the notice of retainer was "an appearance by each of the defendants in the action." It was signed by defendants' attorney with his office address. (Code Civ. Pro. §§ 417, 421.) The service of the notice of retainer was a general appearance by each of the defendants in the action. (*Webb* v. *Mott*, 6 How. Pr. 440; *Gardner* v. *Teller*, 2 id. 241; *Olcott* v. *McLean*, 73 N. Y. 223; *Pomeroy* v. *Ricketts*, 27 Hun, 242; 91 N. Y. 668. *Olcott* v. *McLean*, 73 id. 223; Code Civ. Pro. § 424; *Jones* v. *Jones*, 108 N. Y. 415–425; *Carroll* v. *Lee*, 22 Am. Dec. 350; *Allen* v. *Malcolm*, 12 Abb. [N. S.] 338, 339; *Mahaney* v. *Penman*, 4 Duer, 603; *Murray* v. *Vanderbilt*, 39 Barb. 140; *Morse* v. *Stanton*, 51

N. Y. 649.)  The jurisdiction which the court obtained over the person of the defendants by the service of the notice of retainer was not divested by the subsequent answers interposed.  (*Olcott* v. *McLean*, 73 N. Y. 223; *Carroll* v. *Lee*, 22 Am. Dec. 350; *Palmer* v. *P. M. L. I. Co.*, 10 Wkly. Dig. 179; *Jones* v. *Jones*, 108 N. Y. 415; *Carpenter* v. *Minturn*, 65 Barb. 293; *O. R. R. Co.* v. *C. R. R. Co.*, 63 N. Y. 180; *McCormick* v. *P. C. R. R. Co.*, 49 id. 309; *Catlin* v. *Rick*, 91 id. 669; *Brown* v. *Nichols*, 42 id. 30.)  The court had jurisdiction of the cause of action set forth in the complaint.  In those cases in which an appearance does not give jurisdiction the fault was the court had no power to hear and determine the particular case for some other reason than that the defendant had not been properly brought into court.  (*G. P. R. Co.* v. *Mayor, etc.*, 108 N. Y. 276; *Burdick* v. *Freeman*, 120 id. 420; *Wheelock* v. *Lee*, 74 id. 495; *Landers* v. *S. I. R. Co.*, 53 id. 450–460; *Buckle* v. *Erhardt*, 3 id. 132.)  The fact that no property was levied upon by the warrant of attachment at the time of service of the answer, or thereafter, is immaterial.  (Code Civ. Pro. § 655.)

O'Brien, J.  The plaintiff has recovered upon a judgment rendered in the courts of Michigan for a deficiency arising upon foreclosure and sale of mortgaged premises in that state in the year 1887.  When the present action was commenced the plaintiff and one of the defendants were residents of Michigan, and the other defendant a resident of North Dakota.  In December, 1889, the summons in this action was served upon both defendants without the state, pursuant to an order of publication.  A warrant of attachment was also issued to the sheriff of the county where the action was brought, but no property was levied upon.  On the 30th of January, 1890, the defendants entered a general appearance in the action by an attorney of the court, who served a general notice of retainer.  In April following an answer was served by the same attorney, alleging that neither of the defendants

were residents of the state or had any property therein, and that the court had no jurisdiction of the action. It also alleged that in the year 1886 the plaintiff recovered in the courts of that state a judgment upon the identical cause of action contained in the complaint, and that such judgment was a bar to this suit. The appeal, therefore, presents two questions : (1) Whether the court had jurisdiction to render this judgment. (2) Whether the former judgment is a bar.

The service of the notice of retainer was a voluntary general appearance in the action, and equivalent to personal service. (Code Civ. Pro. § 424 ; *Olcott* v. *MacLean,* 73 N. Y. 223 ; *Ward* v. *Roy,* 69 id. 96 ; *Og. & L. Ch. R. R. Co.* v. *V. & C. R. R. Co.,* 63 id. 176 ; *Jones* v. *Jones,* 108 id. 415 ; *Mors* v. *Stanton,* 57 id. 649.)

It is urged that the defendants were obliged to appear and present the facts to the court or suffer default, and, therefore, the appearance was not voluntary. This does not change the effect of the appearance. When a party does not intend to subject himself to the jurisdiction of the court he must appear specially for the purpose of raising the question of jurisdiction by motion, or he may allow the plaintiff to go on and take judgment by default without affecting his rights, since no judgment entered without service of process in some form could bind the defendant, and the question of jurisdiction would protect him at any stage of the proceedings for its enforcement, provided it has not been waived by his own act. But if the defendant elects to come before the court and there try the questions, he cannot afterwards deny the jurisdiction, or be heard to claim that it was not a voluntary appearance. The court had jurisdiction of the subject of the action. It was the judgment of the courts of a sister state which the plaintiff had the right to enforce here if jurisdiction of the person could be obtained, though the defendant resided in another state. The former judgment was not a bar, as it was void for want of jurisdiction. There was no service of process within the state, no appearance by the defendants and no levy upon property under an attachment. In the absence of personal service within the

state or a general appearance, the court had no jurisdiction to render the judgment without proof of the granting of an attachment and a levy by virtue thereof upon property of the defendants within the state. (Code, § 1217.) There was no such proof made, and it is not claimed that the facts existed upon which it could have been made. Without it, mere service out of the state, though in pursuance of an order of publication, did not give jurisdiction to render the judgment.

It follows that the judgment is right and should be affirmed, with costs.

All concur.

Judgment affirmed.