WOODRUFF ,v. AUSTIN.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

APPEAL—RENDERED UNAVAILING BY ACT OF APPELLANT—DISMISSAL.

An appeal will be dismissed where the appellant by his own act has deprived himself of any advantage to be gained by a reversal except relief from the costs imposed by the order appealed from. Where a nonresident defendant gave a general notice of appearance in the action, after the denial of his motion to set aside the personal service of the summons on the ground that he was attending as a witness in this state when service was made, *held*, that the court acquired jurisdiction by the appearance, and an appeal from the order denying his motion would not be entertained, as a decision in his favor would be of no practical effect.

(Syllabus by the Court.)

Appeal from city court of New York, general term.

Action by Amos E. Woodruff against William Austin. From an affirmance of an order made by the trial justice (37 N. Y. Supp. 22), defendant appeals. Dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Root & Marsh, for appellant.

A. Edward Woodruff, in pro. per.

DALY, P. J. The defendant is a resident of Massachusetts, and was served with a summons in this state on November 14, 1895. He moved to set aside such service, which motion was denied by an order dated November 29, 1895. Subsequently, and on December 12, 1896, he served notice of appearance in writing, containing a demand of a copy of the complaint. "A voluntary general appearance of the defendant is equivalent to a personal service of the summons upon him" (Code, § 424), and, since the court has acquired jurisdiction by voluntary appearance, it is unnecessary to consider the questions raised by the appeal from the order denying the defendant's motion to set aside the service of the summons. A reversal of the order would not affect the jurisdiction acquired by the voluntary appearance. The appellant claims, however, that his appearance was not voluntary, since he was compelled to take this step in order to prevent a judgment against him. This objection was considered in Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884, and it was said:

"It is urged that the defendants were obliged to appear and present the facts to the court, or suffer default, and therefore the appearance was not voluntary. This does not change the effect of the appearance. When a party does not intend to subject himself to the jurisdiction of the court, he must appear specially for the purpose of raising the question of jurisdiction by motion; or he may allow the plaintiff to go on and take judgment by default, without affecting his rights, since no judgment entered without service of process in some form could bind the defendant, and the question of jurisdiction would protect him at any stage of the proceedings for its enforcement, provided it has not been waived by his own act. But if the defendant elects to come before the court, and there try the question, he cannot afterwards deny the jurisdiction, or be heard to claim that it was not a voluntary appearance."

The defendant did not attempt to qualify his appearance, nor reserve any right to object that the court had not acquired jurisdic-

tion of his person. But even a reservation of such right would have been unavailing. In Mahaney v. Penman, 4 Duer, 603, the court said, quoting from Granger v. Schwartz, 11 Leg. Obs. 346:

"The voluntary appearance of defendants under this section [referring to section 139 of the Code of Procedure, which was identical with the present section 424, above quoted] has the same effect as a service of a summons on them on the day of the appearance would have had. The clause referred to takes away, then, the right to appear with reservation of an objection to the jurisdiction, when such objection is purely personal."

The appearance in this action was of the most formal and general character; but, had it been less so, it would have been sufficient to give the court jurisdiction, for it was held, where a defendant moved to set aside service by publication, that an indorsement by his attorneys of their names on the motion papers as attorneys for the defendant was an appearance sufficient to give the court jurisdiction. Phelps v. Phelps, 6 N. Y. Civ. Proc. R. 117, affirmed 32 Hun, 642. To avoid the effect of a waiver of jurisdiction of the person the appearance must be qualified for the sole and special purpose of raising the issue as to jurisdiction. Hankinson v. Page, 31 Fed. 184; Reed v. Chilson, supra. As the general appearance of the defendant in the action cured any defects that might have existed in the service of the summons, the appellant's own act in voluntarily coming into the action as a party has so altered the situation that a decision of his appeal will have no practical effect, and so we are not required to pass upon the questions raised by it, under well-established rules. People v. Common Council, 82 N. Y. 575; Grow v. Garlock, 29 Hun, 598; In re Woodworth, 64 Hun, 522, 19 N. Y. Supp. 525; Hansen v. Trustees, 9 N. Y. St. Rep. 726; People v. Grace (Sup.) 1 N. Y. Supp. 661. The question of costs involved in the decision below is no ground for entertaining the appeal. Assurance Co. v. Smith (Sup.) 16 N. Y. Supp. 114.

The motion to dismiss the appeal should be granted, with $10 costs and disbursements. All concur.