deliver the aggregate number of feet specified in the inventory, regardless of the kind or quality of lumber, and in effect held that it was of no consequence to the defendant under the contract as to what lumber had been sold or removed by the plaintiffs after the making of the inventory, and which is described in the inventory, provided such sale and removal were made prior to the sale to the defendant, and further provided that the aggregate amount of lumber received by the defendant equaled the total number of feet called for by the inventory. This, I think, was error. With the inventory before them, I think it was plain that the parties had in mind the various piles and the kinds of lumber therein specified, and that the purchaser had a right to expect that each pile contained as much lumber, and the kind of lumber, that the inventory stated it contained, subject to the deduction of 12,500 feet. And, for the error in that behalf, the judgment should be reversed, and a new trial granted, with costs to abide the event. All concur, except LANDON, J., dissenting.

---

(20 Misc. Rep. 215.)

### MACK v. AMERICAN EXP. CO.

(Supreme Court, Special Term, Catskill County. March, 1897.)

1. GENERAL APPEARANCE—WHAT CONSTITUTES.

    After service of summons on defendant's agent, a notice signed by a firm of attorneys was served on plaintiff's attorney, stating that they appeared for defendant, and demanding a copy of the complaint. At the same time another notice, signed by the same attorneys, was served, stating that they appeared specially for the purpose of setting aside the summons. The two papers were entirely independent, and no reference was made in one to the other. Afterwards the attorneys who served such notices obtained an order extending the time to answer. *Held*, that there was a general appearance for defendant, and a motion to set aside the summons for defective service would not be entertained.

2. ASSOCIATIONS—ACTIONS AGAINST—MISTAKE IN NAME.

    Failure to add the name of the president or treasurer of defendant association in entitling the summons is merely a mistake in the name of a party, and may be corrected by amendment.

Action by Julia A. Mack against the American Express Company. Defendant moves for an order to set aside the service of summons, and to cancel said summons. Denied.

Harris & Rudd, for the motion.
Montignani, Mallory & Elmendorf, opposed.

CHASE, J. The American Express Company is a joint-stock association. James C. Fargo is the president, and Charles G. Clark is the treasurer, of such joint-stock association. On the 13th day of January, 1897, the plaintiff caused a summons entitled "Julia A. Mack, Plaintiff, against the American Express Company, Defendant," to be served upon John L. Van Valkenburgh, general agent or manager of the American Express Company in the city of Albany. On the 2d day of February, 1897, Harris & Rudd, as attorneys for defendant, served upon the attorneys for the plaintiff a general notice of appearance in the usual form. In this notice

of appearance is the following language: "We hereby appear for the defendant in this action, and demand a copy of the complaint." At the time of the service of this general notice of appearance they served another notice, stating: "You will please take notice that we hereby appear for the defendant named herein, and such appearance is especially for the purpose of taking such action as we may be advised for the striking out and setting aside of the summons herein." These papers were entirely independent, and no reference was made in either to the other. Within the time required by law, and in compliance with the demand for the service of a copy of the complaint as stated in the general notice of appearance, the attorneys for the plaintiff served upon the attorneys for the defendant a copy of the complaint. On the 15th day of March, 1897, the attorneys for the defendant procured, ex parte, an order extending the time to answer, which order was obtained on the usual affidavit, in which it is stated that Harris & Rudd are the attorneys for the defendant. Nothing was stated, either in the affidavit or order, that in any way related to or indicated a special appearance. All of the papers served by the attorneys for the defendant upon the attorneys for the plaintiff were indorsed with the name of Harris & Rudd, "defendant's attorneys," or "attorneys for the defendant." After the service of the order extending time to answer, this motion was made.

In an action against an unincorporated association, all persons interested can be made defendants, or an action may be brought against the president or treasurer of such an association. Code Civ. Proc. § 1919. The American Express Company being an unincorporated association, the service of the summons upon John L. Van Valkenburgh, the general agent or manager of the American Express Company in the city of Albany, was ineffectual for the purpose of commencing the action. The plaintiff claims, however, that, even if the service was irregular and unauthorized, the general appearance for the defendant takes the place of the service. The appearance for the defendant was voluntary and complete. There is nothing to indicate a purpose to question the service of the summons, except the independent paper referred to as the special notice of appearance. Defendant, after serving the two notices, might have concluded not to act under the special notice, and it certainly could not then have been said that the defendant had not appeared for the general purposes of the action. A defendant cannot appear generally, and then reserve the right to object to jurisdiction, when such objection is purely personal. Woodruff v. Austin, 16 Misc. Rep. 543, 38 N. Y. Supp. 787, and cases cited. The president or treasurer of a joint-stock association, under the law, is regarded as a corporation sole. Westcott v. Fargo, 61 N. Y. 542. The failure to add the name of the president or treasurer to the name of the association can be corrected by amendment. Such amendment would not be changing the parties to an action, but would be the correction of a mistake in the name of a party.

Motion is denied, with costs.