(43 App. Div. 178.)

ELEVENTH WARD BANK v. POWERS et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. PROCESS—SUFFICIENCY OF ORDER FOR PUBLICATION.

An order of publication, directing that a "copy of the summons and complaint be deposited in the post office, directed to the defendant at his place of residence and business, with postage paid," is void, under Code, § 440, providing that the order must direct that on or before the first day of publication the plaintiff deposit in a specific post office copies of the summons, complaint, and order, each contained in a securely closed, postpaid wrapper, directed to the defendant at a place specified in the order.

2. APPEARANCE—EFFECT.

Where service of a summons and complaint has failed for want of a valid order of publication, the subsequent appearance of the defendant by service of notice of appearance is equivalent to a personal service of the summons only at the time such notice was served.

Appeal from special term, New York county.

Action by the Eleventh Ward Bank against Leander W. Powers, impleaded with another. From an order denying a motion to dismiss the complaint against him, the defendant Powers appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Benjamin B. Kenyon, for appellant.

G. S. P. Stillman, for respondent.

INGRAHAM, J. The appellant, Leander W. Powers, was made a party defendant to this action; and upon the 9th of February, 1899, he appeared in the action by the service on the plaintiff's attorney of a notice of appearance, which contained a demand for a copy of the complaint. No complaint having been served, the appellant made a motion to dismiss the complaint as to him. In reply, the plaintiff alleges that the summons was served upon this appellant by publication, and, the time to answer having expired, that the appellant was in default. The plaintiff presented to the court an order granted by a justice of this court directing that the summons be served by publication and mailing as required by the Code. The order requires that the summons be served on the defendant by publishing the same in two newspapers, and that a copy of the summons and complaint be forthwith deposited in the post office, directed to the said Powers at his place of residence and business, with postage paid. By section 440 of the Code, the order of publication must contain a direction that on or before the day of the first publication the plaintiff deposit in a specific post office one or more sets of copies of the summons, complaint, and order, each contained in a securely closed, postpaid wrapper, directed to the defendant at a

place specified in the order. This order failed to comply with this section of the Code, in several particulars. It does not specify the post office in which the copy of the summons, complaint, and order were to be deposited. It does not direct that a copy of the order be mailed to the defendant to be served. It does not direct that the order be served on or before the day of the first publication of the summons. The service also appears to have been irregular, as no copy of the order was mailed to the defendant. There was therefore no order directing the service of the summons by publication as required by the Code, and the appellant had not, therefore, been served with the summons in the action.

The voluntary appearance of the defendant, however, was equivalent to a personal service of the summons. Code, § 424. When the appellant appeared, the appearance was equivalent to personal service of the summons only upon the day when the notice of appearance was served; and the plaintiff, by failing to serve a copy of the complaint within 20 days after the service of the notice of appearance, was in default, and the defendant was entitled to have the action dismissed as to him. The court had the power, however, to relieve the plaintiff from this default.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the plaintiff, within 20 days after the service of the order on this appeal and the payment of such costs, to serve a copy of the complaint upon the attorney for the defendant; and in that event the motion to dismiss should be denied, without costs. All concur.