## FARMERS' & MERCHANTS' STATE BANK OF ONEIDA v. STRINGER et al.

(Supreme Court, Special Term, Madison County.   March 1, 1902.)

GENERAL APPEARANCE—DEFECTIVE SUMMONS—EFFECT.

A summons, in an action to recover a penalty under the corporation law, was served without a complaint. There was no designation on the summons as provided by the statute, nor was there an indorsement thereon, as required by Code Civ. Proc. § 1897, if a copy of the complaint is not served with the summons. Thereafter defendant's attorneys.

·served a general notice of appearance. *Held*, that the notice of appearance conferred jurisdiction and cured the defect in the summons.

Action by the Farmers' & Merchants' State Bank of Oneida against Charles A. Stringer and others. Defendants move for an order to vacate the service of the summons, and for leave to withdraw the notice of appearance. Denied.

Joseph Beal, for plaintiff.
Coman & Thompson, for defendant Stringer.

FORBES, J. This is a motion to set aside a summons, which was served on the defendant Stringer, without a complaint, on the 3d day of October, 1901; and for leave to withdraw his notice of appearance. The action is based on the nonfiling of an annual report of the Oneida Silverware Manufacturing Company, Limited, a corporation of which said Stringer was a director, and is to recover a penalty under the corporation law. Laws 1848, c. 40, § 12; Ripley v. McCann, 34 Hun, 112; Gadsen v. Woodward, 103 N. Y. 242, 8 N. E. 653; Bank v. Dillingham, 147 N. Y. 603, 609, 42 N. E. 338, 49 Am. St. Rep. 692. There was no designation on the summons as provided by statute, nor is it claimed that the notice required by section 1897, Code Civ. Proc., was served with the summons. On the 21st day of October, 1901, a general notice of appearance was served by the defendant's attorneys. The complaint was served by mail on the 11th day of November, 1901. It is contended on the part of the defendant that the service of the summons is void, and that the notice of appearance by the defendant Stringer does not cure the defect, or in any manner affect his right to raise the question. Authorities are cited by the defendant's attorneys to sustain that position. Delisser v. Railroad Co., 39 N. Y. St. Rep. 242, 14 N. Y. Supp. 382; Lassen v. Aronson, 29 Abb. N. C. 114, 21 N. Y. Supp. 452, citing 1 Abb. New Prac. & F. 619, and notes. One of these cases is in the general term of the superior court of New York City. Another is a special term case in the same court. There are two special term cases in the supreme court of this state, however, holding that, in an action of this character, by the service of a summons without such indorsement made thereon, the court acquires no jurisdiction; but if, after the service of the summons, the defendant serves a general notice of appearance, it is equivalent to the service of a summons upon him; and such appearance gives jurisdiction, curing the defect in the previous process. Bissell v. Railroad Co., 67 Barb. 385; Townsend v. Hopkins, 9 Civ. Proc. R. 257, and note. These are special term cases arising in the old fourth department. Mack v. Express Co., 20 Misc. Rep. 215, 45 N. Y. Supp. 362, citing Woodruff v. Austin, 16 Misc. Rep. 543, 38 N. Y. Supp. 787. The case in 20 Misc. Rep. and 45 N. Y. Supp., cited supra, is a special term case. The opinion was written by Mr. Justice Chase. The general doctrine is supported and sustained in the appellate division and in the court of appeals. Bank v. Powers, 43 App. Div. 178, 59 N. Y. Supp. 314; McCormick v. Railroad Co., 49 N. Y. 303; Ogdensburg & L. C. R. Co. v. Vermont & C. R.

Co., 63 N. Y. 176; Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884. I assume, therefore, that, so far as the special term is concerned, the doctrine has been practically settled, and is held adversely to the defendant's contention. This motion, however, is addressed to the discretion of the court, asking for permission to withdraw the defendant's notice of appearance. I do not see how the defendant is to be benefited, or aided, by such relief. The motion must therefore be denied, with $10 costs, but with leave to this defendant to renew the same, on papers which may disclose the real object of the motion and of the relief sought.