## Case No. 9,569.

### MILLER v. EVANS.

[2 Cranch, C. C. 72.][1]

Circuit Court, District of Columbia. April Term, 1813.

PAYMENT—BONDS—LAPSE OF TIME—PRESUMPTION.

In an action upon a bond, payable by instalments, the jury may, and ought to, presume payment of any instalment payable more than twenty years before the commencement of the suit, and may presume payment of an instalment payable nineteen years and ten months before suit brought.

Debt upon a bond payable by instalments. Nineteen years and ten months elapsed since the last instalment became payable, and another instalment had become payable more than twenty years before the suit was brought.

N. Herbert, for plaintiff.
Mr. Taylor, for defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (nem. con.) instructed the jury that as to the instalment due more than twenty years they ought to presume, and as to the other they might presume, payment.

---

## Case No. 9,570.

### MILLER v. FALLS CO.

[Nowhere reported; opinion not now accessible.]

---

MILLER (FORMAN v.). Se Case No. 4,940.

MILLER (GADSBY v.). See Case No. 5,167.

---

## Case No. 9,571.

### MILLER v. GAGES.

[4 McLean, 436.][1]

Circuit Court, D. Ohio. July Term, 1848.

WRIT—INDORSEMENT—AMENDMENT—PLEA IN BAR —ABATEMENT.

1. The indorsement on the writ. required by the state statute, which has been adopted. may be objected by a motion to quash the writ.
[Cited in Woolridge v. M'Kenna, 8 Fed. 662.]

2. In such case an amendment would be permitted.
[Cited in Brown v. Pond, 5 Fed. 35.]

3. A neglect to make the indorsement is no ground for a plea in bar. A plea in abatement is the only one that could be filed.

At law.

Mr. Perry, for plaintiff.

OPINION OF THE COURT. The defendant in this case craved oyer of the writ, set it forth, and demurred to the declaration. Several causes of demurrer are assigned, but the variance assigned between the indorsement on the writ and the declaration, being the only one relied on, will be noticed. The statute adopted in our practice, requires the clerk to indorse the cause of action on the writ, without prescribing any form. An indorsement, therefore, which shall state the cause of action in general terms, will be a compliance with the law. As this is a requisite of the statute, it may constitute a ground of objection to the writ, where the indorsement is not made. The most appropriate manner of taking advantage of a neglect to make the indorsement would seem to be by a motion to quash the writ. On such a motion the court would, of course, permit an amendment of the writ to be made. A defective indorsement might be pleaded in abatement, by craving oyer of the writ; but it is no ground for a plea in bar. The demurrer is overruled, and leave given to amend the writ.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]