### Brown v. Pond and others.

*(District Court, S. D. New York.   November, 1880.)*

1. Actions to Recover Penalties—Rev. St. § 4963—Indorsement of Summons—Practice—Act of June 1, 1872—Notice—Amendment —Appearance of Defendant—Waiver—Præcipe.

   Where the *præcipe* filed in the clerk's office directed him to issue summons in an "action for statutory penalty; amount claimed, $2,500," and the defendant served notice of appearance, demanding a copy of the complaint, but "reserving the right to set aside the summons for irregularity or any proper cause," and after a complaint was filed, which showed that the action was brought to recover statutory penalties under U. S. Rev. St. § 4963, relating to copyright, the defendant moved to set aside the summons, on the ground that it was not indorsed with a reference to the statute under which the suit for penalties was brought.

   *Held,* that the summons was defective in not containing such an indorsement and must be set aside.

   That the indorsement constitutes a positive condition to acquiring jurisdiction of the defendant and affects a substantial right.

   That this requirement, found in the statute law of New York, act of February 6, 1788, and re-enacted in the New York Revised Statutes, modifying the form of the indorsement and extending the requirement of an indorsement to all suits for penalties or forfeitures, has been the rule of law also in the United States courts since the tem-

porary act of congress passed September 29, 1879, and the permanent law of 1792, adopting for the United States circuit and district courts the "forms of writs" and "modes of process" used in the supreme court of the states respectively, in suits at common law.

That this was the law independently of the act of congress passed June 1, 1872, relating to the practice, etc., in the United States courts, the only effect of which was to modify the practice in respect to the indorsement so far as the state practice had been modified in the re-enactment of the act of 1788 in the New York Revised Statutes.

Serving a declaration referring to the statute, at the same time a process is served on the defendant, will be a substantial compliance with the statute, although there be no indorsement on the process itself.

That the defect in omitting the indorsement is not amendable under either the United States Revised Statutes, § 954, or the New York Code of Procedure, §§ 721 to 724.

That the defect may be waived by the general appearance of the defendant without objection; but an appearance for the purpose of taking the objection, or a general appearance, followed by the taking of the objection when the defendant is informed of the nature of the suit, will not be a waiver.

*Charles N. Judson* and *E. H. Bien*, for defendants.
*Kobbe & Fowler*, for plaintiff.

CHOATE, D. J. This is an action to recover penalties under a statute of the United States relating to copyright. Rev. St. § 4963. The summons, dated April 29, 1880, was served April 30, 1880, by the marshal. It was not indorsed with any reference to the statute imposing the penalty. The *præcipe*, filed April 29, 1880, directed the clerk to issue summons in an "action for statutory penalty; amount claimed, $2,500." The defendant served notice of appearance on the eleventh of May, 1880, demanding a copy of the complaint, but "reserving the right to set aside the summons for irregularity, or any proper cause." The complaint was filed June 14, 1880. It shows the nature of the action to be as above stated. This motion was made on the twenty-first of June, 1880. It is an application to the court for an order setting aside the summons, or, if that is refused, for an order setting aside the complaint, on the ground that it does not conform to the summons. The sole ground alleged for setting aside the summons, or, in the alternative, the complaint, is that there was not indorsed on the summons a reference to the

statute of the United States under which the penalties sued for were incurred.

By the Revised Statutes of New York it is provided as follows: "Upon every process issued for the purpose of compelling the appearance of the defendant to any action for the recovery of any penalty or forfeiture, shall be indorsed a general reference to the statute by which such action is given in the following form: 'According to the provisions of the statute regulating the rate of interest on money,' or 'according to the provisions of the statute concerning sheriffs,' as the case may require, or in some other general terms referring to such statute." 2 Rev. St. 481, § 7. A substantial compliance with this statute has been held by the courts of the state essential to the court acquiring jurisdiction over the person of the defendant, so that if the indorsement is not made the defendant is not obliged to appear, and cannot be held to be in default, and if he appears especially to move that the process be set aside he is entitled to have the motion granted. *Avery* v. *Slack*, 17 Wend. 85; *Thayer* v. *Lewis*, 4 Den. 269; *Sawyer* v. *Schoonmaker*, 8 How. Pr. 198; *Cox.* v. *R. Co.* 61 Barb. 615; *Bissell* v. *R. Co.* 67 Barb. 385, and cases cited. The defect being the want of one of the requisites for acquiring jurisdiction over the person, and not over the subject-matter, the defect may of course be waived by the defendant, and is waived by his general appearance without taking the objection, after being informed of the nature of the suit, so that, at least from the time of such voluntary appearance, the court will be deemed to have jurisdiction, and the action to be duly commenced. An appearance, however, for the purpose of insisting on the want of proper process, or an appearance followed by the taking of the objection, when he is informed of the nature of the suit, will not be a waiver of the defect. (Same cases.) These cases distinctly hold that it was the purpose of the statute to secure to the party sued notice, at the time of the service of the writ, of the fact that he was sued for a penalty; and, at least by a general description, of the statute imposing the penalty; and that this right secured to him is a substantial right, so that a suit otherwise

commenced is not considered properly or lawfully commenced against him. The object, however, being to give him this notice, if he obtains the notice at the very time of the service of the process, as by service upon him at the same time of a declaration referring to the statute, this will be a substantial compliance with the statute, though there is not a formal or technical compliance by an indorsement on the process itself. (Same cases.)

Under these decisions it appears that the defect in the process was one which the court could not allow to be amended, so as to obtain jurisdiction of the person of the defendant, unless he had waived the objection. It is, however, claimed by the plaintiff's counsel that under the new code of civil procedure the defect is amendable. Sections 721 to 724 are referred to as authorizing such an amendment. Sections 721 and 722 refer only to amendments after judgment, and clearly cannot authorize any amendment before judgment, nor can any amendment properly be allowed after entry of a judgment against a party which was absolutely void for want of jurisdiction over the person of the defendant, so as to make the judgment valid against him. Therefore these two sections may be disregarded as not affecting this question. Section 723 relates to amendments at any stage of the cause. It authorizes the court, "in furtherance of justice," and "on such terms as it deems just," to amend "any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defence, by conforming the pleading or other proceeding to the facts proved." "And in every stage of the action the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party." These provisions are, however, substantially identical with those of the former Code, §§ 173, 176. Nor do they permit an amendment which would give effect and validity to an original process, ineffectual when served to give

the court jurisdiction of the defendant. Such a defect clearly is one which affects the substantial rights of the adverse party. Section 724 contains nothing which aids the plaintiff on this question. Rules of practice prescribing particular forms of process, even though prescribed by a statute, may be modal merely, and a failure to comply with them may in such case be cured by amendment. Such were the cases cited by plaintiff's counsel. *McConn* v. *R. Co.* 50 N. Y. 179; *Miller* v. *Gages,* 4 McLean, 436. Others may affect a substantial right, and be, in fact, positive conditions to acquiring jurisdiction or to the legality of process. And then the defects are not amendable. From the nature and history of this statutory requirement I am satisfied that the defect now in question is of this kind.

This provision of the Revised Statutes of New York has been part of the statute law of New York, with some slight modifications, since the sixth day of February, 1788, when, by the first section of "An act to redress disorders by common informers, and to prevent malicious informations," it was provided that "upon every process to be sued out upon any such action, etc., to compel the appearance of any defendant, shall be indorsed, as well the name of the party who pursueth the same process, as also the title of the statute upon which the action or information in that behalf had or made is grounded; and that every clerk making out or issuing process, contrary to the tenor and provision of this act, shall forfeit and lose three pounds for every such offence,—the one-half to the use of the people of the state of New York, and the other half to the party against whom any such defective process shall be awarded,—to be recovered, with costs, in any court having cognizance thereof, by action of debt, bill, plaint, or information." By the ninth section of the same act it is provided, among other things, that any person suing out process, contrary to the true intent and meaning of the act, shall, upon conviction thereof, be forever disabled to pursue or be plaintiff or informer upon any suit or information upon any statute, popular or penal; and for each offence shall forfeit and lose the sum of £40,—one-half to the

people of the state, and one-half to the party grieved thereby. By the tenth section of the act its application is restricted to suits where the penalty is, by statute, given to any person suing for the same. *Jones* v. *Varick*, N. Y. Laws, 188. This law continued in force at the time of the revision of the laws in 1813. 1 Rev. Laws N. Y. 99, 103. It was expressly repealed upon the enactment of the Revised Statutes. 3 Rev. St. (2d Ed.) 149. I have not been able to discover that before the passage of the Revised Statutes it had been modified. It will be observed that in incorporating the act of 1788 into the Revised Statutes the provision as to indorsement was changed. Instead of an indorsement of the title of the statute giving the penalty, the indorsement to be made is a general reference to the statute, and in the following form: "According to the provisions of the statute regulating the rate of interest on money," etc., as the case may require, or in some other general terms referring to such statute. This change is more apparent than real. By embodying all general laws then in force in a few new acts, constituting together the Revised Statutes, each of these new acts embracing a great number of existing prior statutes, a reference in the indorsement to the *title* of the new act would not give the information designed by the act of 1788 to be conveyed to the defendant sued. Instead, therefore, of referring to the title, the new provision is, in substance, that reference shall be made to that portion of the Revised Statutes in which the the former act re-appears, or to such other statute as might subsequently be enacted under which the action is brought. The penalties on the clerk for issuing such defective process, and on the plaintiff for suing it out, seem not to have been re-enacted in the Revised Statutes; at least, I have not been able to discover them there. But the requirement of an indorsement was still continued, and has never been repealed. Having reference to the origin of this requirement, and the title and provisions of the law of 1788 by which it appears to have originated, and especially the penalties imposed for a failure thus to indorse the process, it is seen that by that law the suing out of such process was an unlawful act, a statutory

misdemeanor, and the subsequent decisions of the courts that its service could give no jurisdiction over the person of the defendant, are clearly right, and in accordance with the terms of the statute. Other provisions in the act of 1788 show that this requirement was part of a system designed to prevent groundless and malicious suits for penalties by informers. It prohibited the redelivery of the process to the plaintiff after its issue, or the compounding of any such suit without leave of the court. The act of congress of September 29, 1789, adopted for the circuit and district courts of the United States the "forms of writs" and "modes of process" in each state, respectively, as then "used and allowed in the supreme court of the states" in suits at common law. 1 St. 93. This act, which was temporary, was continued in force from time to time, and made a permanent law in 1792. 1 St. p. 128, *c.* 13; p. 191, *c.* 8; p. 276, *c.* 36, § 2. This law of congress, regulating the form of mesne process, continued in force, so far as the United States courts in the state of New York are concerned, till 1872, when, by the act of June 1, 1872, § 5, (17 St. 197; Rev. St. 914,) it was provided "that the practice, pleadings, and forms and modes of proceeding in other than equity and admiralty causes in the circuit and district courts of the United States, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of the court to the contrary notwithstanding." Under this statute the old forms of process for the commencement of common-law suits used in this court have been superseded by the summons conforming to the provisions of the New York Code, except that, instead of being signed by the attorney for the plaintiff, it is signed by the clerk of the court, and under its seal; this mode of attestation being required still by an act of congress. Rev. St. § 911. I think there is no doubt that, under the act of 1789, the practice of indorsing the process in suits for penalties given by statute to any person suing for the same was adopted as a part of the "forms of writs" and "modes of process" to be used in this court,

and that, independently of the act of 1872, (Rev. St. § 914,) process so indorsed was the proper process to be used in such a case, and that the only effect of the act of 1872 was to modify the practice in this respect so far as the state practice had been modified in the re-enactment of the act of 1788 in the Revised Statutes of New York. These modifications were in the form of the indorsement, as above pointed out, and in extending the requirement of an indorsement to all suits for penalties or forfeitures.

It is argued, however, that the New York statute related only to suits for penalties declared under the laws of New York; and this, in one sense, is correct, since no court in the state would take cognizance of a suit to enforce a penalty declared by any law other than that of the state of New York. But the statute, as a statute of procedure, is not to be thus limited and restricted by construction. The act made in effect a different kind of process necessary in suits for penalties as a general rule of procedure, as well penalties theretofore declared by existing statutes, as to penalties thereafter to be declared by any statute of whatever nature such penalties might be, if given to any person suing therefor. The law was not limited by its terms or reason to those penalties declared by the laws of New York then existing, but it made a distinction between suits for penalties and other suits, which was capable of being applied to suits in the United States courts. And I see no reason why the act of congress adopting the state "forms of writs" and "modes of process" should be so construed as to exclude this distinction. It would be too narrow a construction of the act of congress thus to restrict its operation.

It is argued, also, that the jurisdiction of this court cannot be made to depend upon a state statute, though its forms of procedure may be made so to do; that service of a writ out of this court, under its seal, gives jurisdiction over the person. But where the act of congress adopts the form of process used in the state courts, and the state law has prescribed an indorsed process in a certain class of suits, the use of such indorsed process in that class of suits is, it would seem, also

adopted by the act of congress. And if such process, unindorsed, is an unlawful or prohibited act under the state law, and its service can give the state court no jurisdiction over the person of the defendant, it seems to me that the same effect must follow the service of such process in a similar suit in this court. This is not making the jurisdiction of this court depend upon a law of the state. It is, indeed, making the acquiring of jurisdiction over the person of the defendant depend upon the service of a proper process. But what is proper process is by act of congress left to be determined by the law of the state. I think, therefore, it has, since 1789, been necessary to indorse the process with a reference to the statute in order to make it a proper process in such a suit in this court, and to make the service of such process effectual as subjecting the defendant to the jurisdiction of this court.

Rev. St. § 954, is, however, relied upon as showing that this defect of process is not fatal to the jurisdiction, but is a defect that may be amended. And when this motion was first presented to the court, and the act of 1872 was alone relied upon by the defendant as making the indorsement necessary, and the history of the state statute was not gone into in the argument, this view was acquiesced in by the court, but further examination of the question has brought me to the conclusion that this was erroneous. Section 954 provides that "no summons, writ, etc., in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form, but such court shall proceed and give judgment according as the right and matter in law shall appear to it, without regarding any such defect or want of form except those which, in cases of demurrer, the party demurring expressly sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form other than those which the party demurring so expresses, and may at any time permit either of the parties to amend any defect in the process or pleading upon such conditions as it shall in its discretion and by its rules prescribe." This is a re-enactment of the twentieth section of the judiciary act of 1789, (1 St. 91.) It

is as broad and liberal, perhaps, in its terms as any statute of amendments ever enacted. I think, however, it cannot be held to be broad enough to permit an amendment of process which will make the process effectual for the purpose of giving jurisdiction over the person of the defendant, which the process as served was ineffectual to do where he has not submitted himself to the jurisdiction, as in this case he has not done. The statute is to be construed as applying only in a case where the court has acquired jurisdiction over the person of the defendant. If it has not done so, all its acts are nullities as to him. Nor do I think that the defect of process now in question can be considered as a "defect or want of form" within the meaning of this section. It is a defect of substance and not of form, and is, I think, properly so treated by the state courts.

It is argued that the defect was cured by the *præcipe* filed in the clerk's office before the issue of the writ. This clearly is not, so because the *præcipe* referred to no statute, either by title or by any such general reference as is necessary. The only reference to the statute is in the words "action for statutory penalty; amount claimed, $2,500." This is clearly not a substantial compliance with the statute, even if the statements in the *præcipe* can be held to be equivalent to an indorsement on the process as a notice to the defendant,—a question which it is unnecessary to determine. The defendant did not waive the objection by his appearance, which was special, reserving his right to make this motion. And it was made seasonably after the filing of the complaint apprised him fully of the nature of the action.

Motion granted.