SCHREIBER and others, who sue as well for the United States as for themselves, v. SHARPLESS.[1]

*(District Court, E. D. Pennsylvania. April 17, 1883.)*

1. ABATEMENT BY DEATH OF PARTY—PENALTIES AND FORFEITURES—COPYRIGHT.
    An action for the penalty provided by act of congress (section 4965, Rev. St.) for infringement of a copyright, abates by the death of the defendant.
2. FEDERAL JURISDICTION—STATE LEGISLATION—SECTION 721, REV. ST.
    Section 721, Rev. St., providing that "the laws of the several states, except where the constitution or treaties of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply," refers to cases where the federal courts obtain jurisdiction by reason of the *citizenship of parties*, and has no application to those cases in which the jurisdiction of the court arises out of the *cause of action*, and consequently involves rights over which the state legislature can exercise no authority, except in so far as the same may relate to the method of proceeding and practice.

Motion to Quash a Writ of *scire facias* against the legal representatives of the defendant, who died after issue joined, but before trial.

This was a *qui tam* action pursuant to section 4965, Rev. St., brought by Francis Schreiber and others, suing as well for the United States as for themselves, against Charles L, Sharpless, to recover the statutory penalty for the copying, printing, publishing, selling, and exposing for sale by the defendant of a photograph copyrighted by plaintiffs, and was for the same matter as the case of *Schreiber* v. *Sharpless*, 6 FED. REP. 175. After issue joined, but before the trial, the attorney for defendant suggested the death of defendant, and plaintiffs issued a *scire facias* against his executors, whereupon this motion to quash was made.

MCKENNAN, C. J., was present and concurred in the following opinion.

*H. P. Brown*, Asst. Dist. Atty., and *John K. Valentine*, Dist. Atty., for the United States.

*A. Sydney Biddle*, for plaintiffs.

*E. Hunn, Jr.*, for defendants.

BUTLER, J. The defendant having died, the plaintiff issued a *scire facias* to bring in his legal representatives. A motion to quash this writ raises the question before us. By agreement of parties, the question was heard before the circuit as well as the district judge.

---

[1] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

That the cause of action terminated with the defendant's death, unless saved by statutory provision, is clear. That no such provision, in direct terms, is made by federal statute, is equally clear. An act of the state legislature preserves personal actions generally against abatement by death of parties, and the provisions of this statute are invoked by the plaintiff in support of his writ. That they are inapplicable, unless the federal legislature has provided otherwise, is also clear. It is urged, however, that such provision has been made; and in support of this position our attention was directed at the outset to the act of 1872 (section 914 of the Revised Statutes) relating to modes of proceeding and practice in civil causes, and to the provisions of the judiciary act of 1789, (Rev. St. §§ 721, 955.) It is now conceded, however, that the act of 1872 falls short of the case, and reliance is placed exclusively on the sections referred to of the act of 1789. The first of these sections reads as follows:

"Sec. 721. The laws of the several states, except where the constitution or treaties of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply."

That this section does not sustain the plaintiff seems quite plain. The laws of the state are made "rules of decision" in the federal courts, in cases where they apply. That is to say, in cases where the federal courts obtain jurisdiction by reason of the *citizenship of parties,* the statutes and customs of the state, which lawfully affect their rights, shall be regarded as rules of decision in passing upon such rights. The section can have no application to cases in which the jurisdiction of the court arises out of the *cause of action,* and consequently involves rights over which the state legislature can exercise no authority, except, of course, in so far as the section may relate to the method of proceeding and practice, and, in this respect, it is virtually superseded by the clause before referred to, of the act of 1872. Nor does the remaining section, 955, afford the plaintiff any better support. It reads as follows:

"When either of the parties, whether plaintiff, petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend such suit to final judgment."

This simply provides for bringing in the legal representatives, where a party dies pending suit, in cases wherein the "cause of action survives by law." The purpose of the section is to give effect in the federal court to state statutes, preserving causes of action cognizable in the state courts, and over which the state legislature may lawfully exercise authority,—causes of action of which the federal courts obtain concurrent jurisdiction, by reason of the citizenship of parties. In the case before us the cause of action, founded upon a federal statute, is beyond the reach of state legislation. The local law invoked has, therefore, no effect upon it; is consequently inap-

plicable and not within the terms of the section, 955, above cited. All the cases invoked are consistent with this view.

Our conclusion, therefore, is, that the right of action terminated with the death of the defendant. Were it held otherwise, for the reasons urged by counsel, there would be one rule of action in this respect governing suits by the United States for penalties for infractions of its copyright laws in one state, and another in other states, dependent upon local legislation respecting the survival of action.

*Vide U. S.* v. *Richardson,* 9 FED. REP. 804; *Sarony* v. *Burrow-Giles Lith. Co., infra.*