By the Court.—Sedgwick, Ch. J.
I concur with Judge Freedman in the principle upon which he has proceeded in his opinion, but think there should be an absolute reversal. My ground for this view is, that the only legal evidence of the contents and claims of a complaint is the complaint itself, and it is the only, evidence of what is the object of the action. No amount of evidence as to the intent of an attorney or party can show the object of an action, for that intent cannot make the object, o.r if it be properly made, change it. The same remark is true in view of the provision that a judgment be taken by default when complaint is not served with the summons. The object of the action is then first ascertained by the proceedings upon application to the court.
*239 While it is true that the affidavit was without effect inasmuch as it averred the object of the action upon information and belief without giving the source of information, I think it would have been defective if it did give the source and did not show what the complaint was, or the nature of some proceeding which would legally determine the nature of the action.
The authorities show that it is not too late for a defendant so situated to move as soon as the proceedings of the action show the object of the suit.
The order appealed from should be reversed with ten dollars costs, and the motion below denied with ten dollars costs.
McAdam, J., concurred.
Freedman, J.,
concurred, but held that the order of denial should contain leave to the defendant, upon payment of costs, to renew the motion upon further proof, in the following opinion :—
Freedman, J.
The summons having been served on the defendant, and no copy of the complaint having been served with it, the defendant appeared for the sole purpose of moving, and did move, to set aside the service of the summons on the ground that this is an action to recover a penalty or forfeiture given by a statute ; that a copy of the complaint was not delivered to the defendant with the copy of the summons served, and that there was not endorsed upon the said copy of the summons a reference to the statute giving said penalty as required by § 1897 of the Code.
The motion was founded on the copy of the summons served and on an affidavit of one of the attorneys of the defendant to the effect that he is informed and believes that this action is to recover a penalty under the provisions of chapter 185 of the *240 Laws of 1857, as amended by chapter 415 of the Laws of 1886.
The defendant pursued the proper practice, and if the affidavit had sufficiently stated the sources of the information of the attorney and the grounds of his belief, the defendant would have been entitled to have the service of the summons set aside as prayed for. But the sources of such information and the grounds of such belief were not. disclosed. The affidavit contained nothing beyond the bare statement that the affiant was so informed and so believed. It, therefore, contained no competent evidence upon which the process of the court, which was regular upon its face, could be set aside, and the plaintiff was not. called upon to deny under oath something which had not been sufficiently shown.
Moreover, the order as made is too broad. It sets aside “ the summons in this action' and all proceedings therein.” It is only the service of the summons that can be set aside upon the presentation of the proper proof.
The order appealed from should be reversed with ten dollars costs and disbursements, and the motion in the court below denied with ten dollars costs, with leave to the defendant, upon payment of such costs, to renew the motion upon further proof.