### UNITED STATES v. RILEY (three cases).

(District Court, S. D. New York. February 5, 1898.)

CUSTOMS DUTIES — SUMMONS FOR FORFEITURE — NONINDORSEMENT — GENERAL APPEARANCE—LACHES—WAIVER.

A summons for the "forfeiture" of the value of importations not indorsed with a reference to the statute, may be set aside; but not after a general appearance with knowledge of the nature of the action, and after several years' delay and the expiration by limitation of the government's time to bring a new action.

These were actions brought by the United States against William H. Riley to enforce a forfeiture of the value of various alleged fraudulent importations of merchandise at the port of New York, and motions were made to set aside the summons in each case.

Wallace MacFarlane, U. S. Atty., and James R. Ely, Asst. U. S. Atty.

Kellogg, Rose & Smith, for defendant.

BROWN, District Judge. A motion has been made in defendant's behalf in each of the above three causes to set aside the service of the summons, on the ground that the copy of the summons served upon the defendant, had no indorsement upon it indicating the statute or section upon which the claim for forfeiture was based, as required by sections 1897, 1962 and 1963 of the New York Code of Civil Procedure. The summonses without any complaint were personally served upon the defendant on January 5, February 7 and April 5, 1894, respectively. These summonses did not state the nature of the cause of action, but required the defendant to answer the complaint within 20 days, with a notice that in case of failure to answer or appear, judgment would be taken by default for the relief demanded in the complaint. Attached to the copy summons in action No. 2 was a notice that upon default judgment would be taken for 19 different sums specified with interest on said items from various specified dates in January, February, March, June and July, 1891, amounting in the aggregate to $24,995.55, besides interest. On the copy summons served in action No. 3 a notice was indorsed that upon default judgment would be taken for the sum of $48,515.63 with interest. On the copy summons served in action No. 4 was a similar notice that upon default judgment would be taken for the sum of $8,122.42 with interest.

In each of these cases the defendant within 20 days after the service of the summons, put in a general appearance by his attorneys who served written notice thereof with a demand of a copy of the complaint in the usual course in accordance with the state practice. The plaintiff's attorneys thereafter obtained from time to time extensions

of time within which to serve a copy of the complaint in each of the actions, so that no copy of the complaint was served in either of them until November 23, 1897, and shortly thereafter, and before any other proceedings, notice of these motions on the defendant's behalf was duly served.

The complaints show that the actions are based upon various alleged fraudulent importations and entries of merchandise by the defendant at this port, at various dates in 1891, with intent to defraud the United States, and that the value of such importations became thereby forfeited to the United States under the ninth section of the act of congress of June 10, 1890. Judgment is accordingly demanded against the defendant for "the sum of said values so forfeited with interest," etc.

In the case of Brown v. Pond, 5 Fed. 31, it was held by Judge Choate in a carefully considered opinion, that in civil actions brought for the enforcement of penalties and forfeitures, the provisions of the New York Code of Civil Procedure as respects the indorsement required on the copy of the summons served, were obligatory; and in that case the action being for penalties under the copyright laws and no such indorsement having been made upon the copy served, a motion to set aside the service of the summons was granted, the appearance by the defendant having been with a reservation of the "right to set aside the summons for any irregularity or for any proper cause." The cases there cited show that in the New York state courts it has long been held that the service of the summons in such cases without the required indorsement, gives the government no jurisdiction over the defendant; and that the defendant in such cases is not obliged to appear, and cannot be held in default; and that after motion duly made to set aside such a service, if the motion be denied and the defendant plead over, and judgment is entered against him, the judgment will be reversed. The decision in Brown v. Pond was followed in the subsequent case of U. S. v. Rose, 14 Fed. 681. For the government it is contended, that the present actions, being not purely for a penalty, but being in part remedial and for the indemnity of the government for losses sustained by it (Stockwell v. U. S., 13 Wall. 531; U. S. v. Claflin, 97 U. S. 546; U. S. v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244) the provisions of the New York Code are not applicable.

I cannot sustain this contention. Though the object of the statute forfeiting the value of merchandise is no doubt partly remedial and for the indemnity of the government, it is also largely penal. The partial purpose of indemnity does not change the essential nature or character of the action. In the case of Schreiber v. Sharpless, 17 Fed. 589, and Id., 110 U. S. 76, 3 Sup. Ct. 423, it was held that in a qui tam action for the recovery of penalties forfeited by the defendant for copying and printing the plaintiff's copyrighted photograph, the cause of action was abated by the defendant's death, although only one-half the recovery in such actions would go to the United States and the other one-half to the informer, and would often inure as indemnity to the person whose copyright was infringed. In the case of U. S. v. De Goer, 38 Fed. 80, which was an action of the same character as the present, for the forfeiture of value upon an alleged fraudulent

importation, it was held that such actions are mainly penal and abate with the defendant's death. It is not necessary, however, to dwell on such considerations, inasmuch as the statute itself on which these actions are based, declares a "forfeiture" of the value of the goods; the plaintiff alleges in the complaint a "forfeiture" under the statute, and seeks a recovery as upon a forfeiture, and not otherwise. But section 1962 of the New York Code of Civil Procedure expressly provides for actions where "real or personal property has been forfeited," and section 1964 expressly makes applicable to such actions the provisions of the preceding section 1897, above referred to, requiring an indorsement to be made upon the copy of the summons served to the effect above stated.

A further question arises, however, upon the general appearance put in by the defendant without qualification or reservation, after the service of the summons. In the case of Bissell v. Railroad Co., 67 Barb. 385, it was held that after a general appearance, a judgment entered by default would not be opened or set aside for irregularity when more than a year had elapsed after the entry of judgment before the notice of motion was given, even though the summons had been previously set aside upon appeal from the special term to the general term, the court holding that the general appearance gave to the court jurisdiction of the action and of the defendant under the provisions of the New York Code of Civil Procedure, without the service of any summons; and that the effect of the previous general-term order setting aside the summons, was merely to strip the record of the summons, leaving the general appearance to stand; and this decision was subsequently affirmed at the general term. 67 Barb. 393, note. The appearance in that case was the usual notice of general appearance and a demand for a copy of the complaint, served three days after the service of the summons. The only other case that I have found in which the summons has been set aside after an unqualified general appearance, is the case of Lassen v. Aronson (Super. N. Y.) 21 N. Y. Supp. 452, where after service of the complaint the defendant's attorney moved for leave to withdraw his notice of appearance, and to set aside the service of the summons for the want of the requisite indorsement, and the motion was granted.

In both of the above cases, it may be fairly assumed from the nature of the actions, that the defendant at the time of putting in the general appearance had no information of the nature of the suit, and the motions were made promptly. The plaintiffs, by the granting of the motion, suffered no loss or prejudice to their rights of action. In such cases, where defendants have had no information of the nature of the action, and it is thus manifest that there could not have been any intentional waiver of the legal defects in the process, it may be just to allow the general appearance to be withdrawn, as inadvertently given.

In the case of Brown v. Pond, supra, Judge Choate, remarking upon the question of waiver, says:

"The defect being the want of one of the requisites for acquiring jurisdiction over the person, and not over the subject-matter, the defect may of course

be waived by the defendant, and is waived by his general appearance without taking the objection, after being informed of the nature of the suit; so that, at least from the time of such voluntary appearance, the court will be deemed to have jurisdiction, and the action to be duly commenced. An appearance, however, for the purpose of insisting on the want of proper process, or an appearance followed by the taking of the objection, when he is informed of the nature of the suit, will not be a waiver of the defect."

In the case of Delisser v. Railroad Co. (in the superior court) 20 Civ. Proc. R. 312, 14 N. Y. Supp. 382, Sedgwick, C. J., considered that a motion to set aside the service of the summons before the complaint was served was premature, the averments of the complaint itself being the only proper legal grounds upon which the motion should be based as showing conclusively the nature and object of the action. In that case, however, the appearance was qualified, and for the sole purpose only of moving to set aside the service of the summons. What was said had no reference to the import and effect to be given to an unconditional appearance, or whether such an appearance should be deemed a waiver of objections to the summons. From the observations of Judge Choate above quoted, the natural inference as to the nature of the information to be deemed sufficient to make a general appearance a waiver, is, that any actual and undoubted information as to the nature of the action is sufficient, and not alone the information derived from the complaint itself when served.

In the present cases all the circumstances disclosed by the affidavit submitted for the government on this motion, show that the defendant and his attorneys must have had sufficient and undoubted information that all these actions were brought for forfeitures of value. The importations, as above stated, were in 1891. The defendant on the 29th of October, 1893, was arrested on criminal proceedings for the same matters that are embraced in these three suits and in suit No. 1 which preceded these. The defendant was duly advised and informed of the criminal proceedings and was represented in them by his attorneys in these suits. On the 3d day of November, 1893, a summons was served on this defendant of the same character as in these suits and with a similar notice, in action No. 1. The same attorneys served a general notice of appearance for the defendant in that suit, and a copy of the complaint in action No. 1 was served upon them on the 11th day of December, 1893. From this complaint, which was for a forfeiture of the value of a part of the importations embraced in the criminal proceedings, both the defendant and his attorneys had full notice of the precise nature of the claim and the grounds of it. The complaints in the present actions Nos. 2, 3 and 4 are precisely similar and differ only as to the date of the importations and amounts; but as appears by the affidavit, these were all set forth in the pending criminal proceedings above referred to. The indorsements upon the summonses in actions Nos. 2, 3 and 4, and the notices contained therein, giving the precise amounts claimed, were means of identification in connection with the criminal proceedings of such a character that I cannot conceive that the defendant and his attorneys should not have understood beyond question that the four civil suits were all for the

recovery of forfeitures of value upon the importations specified in the criminal proceedings. The complaint and hearings in the criminal proceedings and the conferences with the United States attorney referred to, must have disclosed this fact fully. The general appearance put in in actions Nos. 2, 3 and 4 were served respectively from six weeks to upwards of four months after the complaint in action No. 1 had been served and a full understanding of all the actions must have been had. The service of a general appearance under such circumstances must be regarded as a waiver of any objection to the want of indorsement upon the summons. The required indorsement could not in fact have given to the defendant or his attorneys any information which they did not already practically possess. Through the extraordinary delay and the extensions of time given for the service of the complaints, if the summonses and notices of appearance were now set aside, the government's right of action would be barred by the statute of limitations. This of itself would not be a sufficient reason for denying to the defendant any substantial right; but it is not credible that any such extensions for nearly three years would have been granted or such delays incurred, if the nature of the actions had not been fully understood. If that was understood, as I can have no doubt it was, when the general appearances were served, such appearances were a waiver of the defects. A motion to set aside the service after appearance, or for leave to withdraw a notice of appearance, ought to be made with reasonable promptness after information received; and if not so made, such motions should be denied. And where a long time has elapsed since the general appearance was served and the statute of limitations has become a bar to any new action, leave should not be given to withdraw such an appearance, nor the summons be set aside, except upon clear proof that the defendant was really and in good faith ignorant of the nature of the action, or had wholly misconceived it. This cannot be the fact here, and the motions must, therefore, be denied.