## UNITED STATES v. RILEY.

(District Court, S. D. New York. December 21, 1899.)

ABATEMENT AND REVIVAL—SUIT FOR FORFEITURE FOR VIOLATION OF CUSTOMS LAWS—DEATH OF DEFENDANT.

An action by the United States to enforce a forfeiture of the value of imported goods because of fraudulent undervaluation, under section 9 of the customs administration act of June 10, 1890, is one highly penal in character, and abates on the death of the defendant, and cannot be revived against his legal representatives.

At Law. On motions to revive actions.

Henry L. Burnett, U. S. Dist. Atty., and Arthur M. King, Asst. U. S. Atty., for the motion.

Kellogg, Rose & Smith, opposed.

BROWN, District Judge. The above four actions were commenced in 1893 and 1894 on account of the fraudulent undervaluation of various consignments of imported goods, amounting altogether to upwards of $80,000. The goods having been delivered to the defendant, the above suits were brought under the ninth section of the act of congress of June 10, 1890, for the forfeiture of the value of the goods. The defendant died in April, 1899, and his son Lester H. Riley having been appointed administrator, the plaintiff now moves that said actions be revived against the administrator.

The present case cannot be distinguished from that of U. S. v. De Goer (D. C.) 38 Fed. 80, in which this court held that penal actions, like the present, abate with the defendant's death and cannot be revived against the executor or administrator. The principles of that decision were applied and acted upon in these same cases on a previous motion to set aside the summonses. U. S. v. Riley (D. C.) 88 Fed. 480. In both cases it was considered that the previous decisions of the supreme court, particularly those in Schreiber v. Sharpless (D. C.) 17 Fed. 589, 110 U. S. 76, 3 Sup. Ct. 423, 28 L. Ed. 65, and Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, were decisive that penal actions of this kind, for the recovery of a penalty or forfeiture, are abated by the death of the defendant.

A distinction is sought to be raised in the present case founded upon the decisions cited in the case first above referred to (Hambly v. Trott, 1 Cowp. 376; U. S. v. Daniel, 6 How. 11, 13, 12 L. Ed. 323; Jones v. Van Zandt, 4 McLean, 604, Fed. Cas. No. 7,504), to the effect

that where a benefit has accrued from the tort to the wrongdoer's estate an action will lie for the property or benefit received. But in the first of these cases, Lord Mansfield expressly says,

"So far as the tort goes, an executor will not be liable; * * * but so far as the act of the offender is beneficial, his assets ought to be answerable and his executor shall, therefore, be charged."

To the same effect are the subsequent cases.

This doctrine does not, however, help the present actions, since they are not to recover duties, or for benefits to the estate, but for the forfeiture of the whole value of the importations. By means of the fraudulent undervaluation, a certain sum was no doubt saved to the defendant from the duties which ought to have been paid, and would have been paid to the government upon a proper valuation of the goods; but the amount of duties thus saved is but trifling in comparison with the value of the goods which was forfeited, and for which the above actions are brought. The administrator may be liable to the government for the amount of duties thus saved. It is not necessary that I should examine further into that question, or decide upon it one way or the other. The present actions not being actions for duties, but for a forfeiture alone, the government must either recover, as in an action of debt, the whole value of the goods forfeited, or nothing. Such actions, it seems to be well settled, cannot be revived.

Motion denied.