UNITED STATES v. WITTEMANN.

(Circuit Court of Appeals, Second Circuit. January 7, 1907.)

No. 258.

1. CUSTOMS DUTIES—FORFEITURE—STATUTE OF LIMITATIONS.
    Section 1047, Rev. St. [U. S. Comp. St. 1901, p. 727], which provides a five-year statute of limitations for suits for "any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States," does not apply to customs revenue cases, which are subject to the three-year limitation for similar proceedings "accruing under the customs revenue laws of the United States," which is provided in section 22, Act June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 727].
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 319.]

2. SAME—"PECUNIARY PENALTY"—FORFEITURE OF VALUE OF MERCHANDISE.
    Section 9, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], provides for forfeiture of the value of undervalued importations; and section 22, Act June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 727], provides a three-year statute of limitations for proceedings for the recovery of "any pecuniary penalty or forfeiture of property accruing under the customs revenue laws of the United States." *Held*, that the former provision is penal in its nature, and is therefore subject to the latter provision.

In Error to the District Court of the United States for the Eastern District of New York.

The case, which was submitted without argument, involves the construction of section 22, Act June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 727], providing a three-year statute of limitations for proceedings for the recovery of "any pecuniary penalty or forfeiture of property." The government contended that the forfeiture of the value of undervalued merchandise provided in section 9, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], is not a "pecuniary penalty" or a "forfeiture of property," within the meaning of said section 22. The argument on this point is set forth as follows in the government's brief: "It is respectfully submitted that when section 9 provides that the merchandise or the value thereof, to be recovered from the person making the entry, shall be forfeited, it is providing that the merchandise, if seized, may be proceeded against by an action in rem, but if, on the contrary, the goods have been delivered, that then an action at law may be brought for the damage which the government has sustained by the fact that it cannot recover and sell the goods. This damage, it is submitted, would be equivalent to the home value of the goods themselves. This is not, it is submitted, such 'pecuniary penalty' as is contemplated by section 22. The pecuniary penalty attached to section 9 might seem to be the fine not exceeding $5,000, which is imposed upon conviction for such an. offense. Or, again, inasmuch as the goods have been released and cannot be found or recovered, and inasmuch as the government is suing for a sum of money in the form of damages, it is respectfully submitted that such a suit could not be called one the object of which is to work a 'forfeiture of property.' Pecuniary penalties are specific sums of money which in a liquidated amount are set forth as the penalty for a certain act. A fine, the penalty for breaking a game law, the amount collected by a justice of the peace under a police statute, it is submitted, are the ordinary sorts of penalty. The object against which an action in rem may be brought is properly the subject of a 'forfeiture of property.'"

This cause comes here by writ of error to review a judgment of the United States District Court for the Eastern District of New York, dismissing the complaint in an action brought by the government, under the provisions of section 9 of the customs administrative act of June 10, 1890, for forfeiture of the value of goods comprised in 28 separate importations received at the port of New York between November 13, 1900, and June 23, 1902.

Thomas Ives Chatfield, Asst. U. S. Atty., and William J. Youngs, U. S. Atty.

Straley & Hasbrouck (John A. Straley, of counsel), for the importer.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge (after stating the facts). The complaint alleges that the invoices in question were false and fraudulent, in that the statement of the market value of the goods comprised therein was far below the true market value of said goods at the time of exportation in the principal markets of the country from which they were imported, and that said undervaluation was willfully made on the part of the defendant, with the intent to defraud the United States out of a portion of the lawful duty due to it, and that the goods were delivered to the defendant upon the payment of duty based upon said false, fraudulent, and undervalued valuation.

Section 9 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895]) provides for a forfeiture, in such cases, either of the merchandise or of the value

thereof, and for a fine for each offense. The defendant interposed as a defense the statute of limitations of section 22, Act June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 727], which provides as follows:

"That no suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs revenue laws of the United States shall be instituted unless such suit or action shall be commenced within three years after the time when such penalty or forfeiture shall have accrued: provided, that the time of the absence from the United States of the person subject to such penalty or forfeiture, or of any concealment or absence of the property, shall not be reckoned within this period of limitation."

The single question presented is as to the construction and application of this statute of limitations. Counsel for the government admitted that "all of the causes of action were saved from the effects of a five-year statute of limitations, but that a three-year statute of limitations would have been a defense to all, if valid as to any" and that "more than three years had elapsed before the attorneys for the government in this case received the papers or learned of the action," and "that the property imported * * * was not concealed or absent within the said period of three years," and that the government "does not claim that the defendant, Rudolph A. Wittemann, in this action was either a fugitive or absent from the United States during any of the said period of three years prior to the commencement of this action." The court directed judgment for the defendant, to which the government duly excepted, and the various assignments of error raise the single question whether the three years' statute of limitations was in force and applicable to said cause of action.

Prior to 1874, the following statute of limitations was in force:

"No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued."

In the Revision of 1878, the five-year statute was printed as section 1047 of the Revised Statutes [U. S. Comp. St. 1901, p. 727], but the law of 1874 was only referred to as a side note to said section 1047. Counsel for the government, therefore, argues that the commissioner who revised the statutes could not have considered the three-year statute of limitations as an amendment to the five-year statute, but as a specific statute existing for certain purposes during the entire time in which any of the causes of action could have been sued upon. There is no force in this contention, even if it be assumed that both statutes were in force at the time of the importations in question. Section 29 of the customs administrative act, under which this action is brought, provides that:

"Acts of limitation, whether applicable to civil causes and proceedings * * * or for the recovery of penalties or forfeitures, embraced in or modified, changed or repealed by this act, shall not be affected thereby."

Whether or not the five-year statute of limitations may apply to some causes of action not barred by the three-year statute is immaterial herein, because this action is specifically for the recovery of a forfeiture,

under the provision in section 9 of the customs administrative act of 1890, in a case of fraudulent undervaluation of merchandise, "such merchandise or the value thereof to be recovered from the person making the entry, shall be forfeited." And section 22 of the act of 1874 provides, as already shown that:

"No suit or action to recover any * * * forfeiture of property * * * shall be instituted unless such suit or action shall be commenced within three years after the time when such * * * forfeiture shall have accrued."

It is clear that this is a prosecution for a penalty or forfeiture under a federal penal statute having for its primary object the infliction of punishment upon the offender.   United States v. Riley (D. C.) 88 Fed. 480, 104 Fed. 275; Davis v. Mills (C. C.) 99 Fed. 39; Waterford v. Elson (C. C. A.) 149 Fed. 91; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123.   In Helwig v. United States, 188 U. S. 605, 23 Sup. Ct. 427, 47 L. Ed. 614, the Supreme Court of the United States had occasion to consider section 7 of said customs administrative act of 1890, which, inter alia, then provided as follows:

"If the appraised value of any article of imported merchandise shall exceed by more than ten per centum the value declared in the entry, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, a further sum equal to two per centum of the total appraised value for each one per centum that such appraised value exceeds the value declared in the entry," etc.

Mr. Justice Peckham says:

"The sole question is whether the sum imposed by section 7, already quoted, is a penalty?   Without other reference than to the language of the statute itself, we should conclude that the sum imposed therein was a penalty.   It is not imposed upon the importation of all goods, but only upon the importer in certain cases which are stated in the statute, and it is clear that the sum is not imposed for any purpose of revenue, but is in addition to the duties imposed upon the particular article imported, and in each individual case when the sum is imposed it is based upon the particular act of the importer. That particular act is his undervaluation of the goods imported; and it is without doubt a punishment upon the importer on account of it.   Whether the statute defines it in terms as a punishment or penalty is not important, if the nature of the provision itself be of that character.   If it be said that the provision operates as a warning to importers to be careful and to be honest, it is a warning which is efficacious only by reason of the resulting imposition of the 'further sum,' in addition to the duties, provided for by the statute."

If the requirement in section 7 of the payment of an additional sum, in case of undervaluation, is penal in its nature, a fortiori the provision in section 9 for a forfeiture in case of a fraudulent undervaluation is penal.

The judgment is affirmed.