WALSH v. NEW YORK, N. H. & H. R. CO.

(Circuit Court, D. Massachusetts. October 26, 1909.)

No. 605.

1. MASTER AND SERVANT (§ 87*)—RAILROADS—FEDERAL EMPLOYER'S LIABILITY ACT—CONSTITUTIONALITY.

The federal employer's liability act of April 22, 1908 (35 Stat. 65, c. 149), which makes every interstate carrier by railroad liable in damages for the injury or death of any employé while employed in such commerce through the negligence of any officer, agent, or employé of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, etc., is constitutional.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. § 87.*]

2. COURTS (§ 363*)—STATE STATUTE AS DETERMINING SURVIVAL OF CAUSE OF ACTION.

Recourse cannot be had to a state statute to determine whether or not a cause of action given by a federal statute survives.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 939; Dec. Dig. § 363.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

3. DEATH (§ 10*)—FEDERAL EMPLOYER'S LIABILITY ACT—SURVIVAL OF CAUSE OF ACTION FOR INJURY.

The cause of action for an injury to an employé of an interstate carrier by railroad, given by section 1 of the federal employer's liability act of April 22, 1908 (35 Stat. 65, c. 149), does not survive the death of the person injured, and damages for his conscious suffering are not recoverable in an action for his death.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 10.*]

At Law. Action by Mary Agnes Walsh, administratrix, against the New York, New Haven & Hartford Railroad Company. On demurrer to declaration. Demurrer sustained as to counts 1, 3, 4, and 6, and overruled as to counts 2 and 5.

Saltonstall, Dodge & Carter and Endicott P. Saltonstall, for plaintiff.

Choate, Hall & Stewart, for defendant.

LOWELL, Circuit Judge. The employé's administratrix has filed a declaration in eight counts. The first six are based upon the federal act of April 22, 1908 (35 Stat. 65, c. 149). All allege the existence of the employé's widow and children. The first count alleges the employé's suffering, caused by the negligence of the defendant and its agents; the second, the employé's death from the same cause; the third, both suffering and death from the same cause; the fourth, the employé's suffering, caused by the defendant's defective machinery, etc.; the fifth, the employé's death from the same cause; the sixth,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

both suffering and death from the same cause. To summarize, the first three counts charge the defendant's negligence in the language of the statute; the next three counts charge defective machinery, etc.; the first and fourth counts allege conscious suffering only; the second and fifth counts, death only; the third and sixth counts each allege both conscious suffering and death. The seventh and eighth counts were demurred to; but as to them the demurrer has been waived, and they need not be considered here.

Section 1 of the act reads as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

The defendant's first ground of demurrer is the alleged unconstitutionality of the statute as a whole. Without reasoning the question thus raised, this court may well leave it for the decision of a higher court, and may formally hold that the first section of the act is constitutional. With this result agrees the only decided case. Watson v. St. Louis, etc., R. R. (C. C.) 169 Fed. 942.

The defendant has further demurred to counts 1 and 4, contending that the employé's cause of action to recover for his conscious suffering did not survive to his administratrix, although the existence of some of the statutory relatives was alleged. As the cause of action is given by a federal statute, this court cannot have recourse to a state statute in order to determine whether the cause of action survives or not. Schreiber v. Sharpless, 110 U. S. 76, 80, 3 Sup. Ct. 423, 28 L. Ed. 65; B. & O. R. R. v. Joy, 173 U. S. 226, 230, 19 Sup. Ct. 387, 43 L. Ed. 677; U. S. v. De Goer (D. C.) 38 Fed. 80; U. S. v. Riley (D. C.) 104 Fed. 275. Rev. St. § 955 (U. S. Comp. St. 1901, p. 697) provides that:

"When either of the parties, whether plaintiff, or petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment."

This section does not itself provide what causes of action shall survive, but, in the absence of other controlling statute, leaves the matter to the common law. In the case at bar, therefore, the state statutes are inapplicable, there is no general federal statute, and the particular statute in question, the act of 1908, says nothing about survival.

Thus remitted to the common law, at which survival is out of the question, we must here hold that the cause of action did not survive, and so that counts 1 and 4 are demurrable. Fulgham v. Midland Valley

Co. (C. C.) 167 Fed. 660. As the statute is in many respects loosely drawn and ambiguous, so that the intent of Congress does not always appear clearly, the court is justified in saying that this result has been reached with reluctance. The maxim, "Actio personalis moritur cum persona," has not always commended itself. Pollock on Torts (Webb's Ed.) p. 71. The survival of the cause of action in this case is allowed by the statutes of many states. That one who has suffered in body and in purse by the fault of another, and so has a cause of action against the wrongdoer, should, as to his own estate, be deprived of this remedy by the delays of the law, or, without such delay, by his death, before or after action brought, whether connected or unconnected with his first injury, seems to me, as to Sir Frederick Pollock, a barbarous rule. The intent or the oversight of the Legislature has established the rule in this case.

The defendant has further demurred to counts 3 and 6, contending that each of these counts has improperly joined liability for conscious suffering to liability for the employé's death. For the reasons above stated, these counts are bad, at least in part, and that which is good in them is unobjectionably stated in counts 2 and 5. As to counts 3 and 6 the defendant's demurrer is therefore sustained.

The demurrer to the first, third, fourth, and sixth counts is sustained. The demurrer to the second and fifth counts is overruled. The seventh and eighth counts are not now objected to.